# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

BRISTOW FIRST ASSEMBLY OF GOD, MARK S. EVANS and CHRISTINA J. EVANS, individually, and as parents and next of kin to C.J.E and B.K.E., minor children,

          Plaintiffs,

vs.

BP p.l.c., MARATHON OIL CORPORATION, MARATHON PETROLEUM CORPORATION; KINDER MORGAN, INC., et al.,

          Defendants.

Case No. 15-CV-523-TCK-FHM

## OPINION AND ORDER

Defendant, Kinder Morgan, Inc.'s Motion to Compel, [Dkt. 153], is before the undersigned United States Magistrate Judge for decision. The motion has been fully briefed. [Dkt. 153, 154, 155].

The parties' briefing demonstrates that the motion to compel is not in a posture to be resolved. Plaintiffs assert that the motion is resolved by their supplemental document production, [Dkt. 154, p. 4], and Defendant replies that it is unable to fully detail the deficiencies because Plaintiffs have not served proper written discovery responses.

Plaintiffs are HEREBY ORDERED to serve supplemental or revised written responses to the subject discovery requests that are properly signed and that otherwise fully comply with the requirements of the Federal Rules of Civil Procedure, including statements of valid objections, if any, and production of a privilege log for documents withheld. If discovery disputes remain after receipt of Plaintiffs' supplemental/revised

discovery responses, Defendant may file an additional motion to compel[1] after counsel engage in a good faith meet and confer to resolve any remaining disputes.

The motion to compel, [Dkt. 153] is GRANTED in part, as set out herein. The parties are to bear their own expenses related to this motion. Plaintiffs' supplemental/revised discovery responses are due on or before November 14, 2017.

SO ORDERED this 17th day of October, 2017.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] Regardless of the number of remaining disputed discovery responses, any motion to compel should comply with the mandate of LCvR 37.2(d) which requires that discovery requests and responses be set out in the motion. From the court's perspective, that requirement does not make the brief unwieldy. Rather it facilitates the court's consideration of the specific discovery dispute in the context of the arguments pertaining to the particular discovery request at issue.