# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

BRISTOW FIRST ASSEMBLY OF GOD, MARK S. EVANS and CHRISTINA J. EVANS, individually, and as parents and next of kin to C.J.E and B.K.E., minor children,

    Plaintiffs,

vs.

BP p.l.c., MARATHON OIL CORPORATION, MARATHON PETROLEUM CORPORATION; KINDER MORGAN, INC., et al.,

    Defendants.

Case No. 15-CV-523-TCK-FHM

## OPINION AND ORDER

Plaintiffs' Motion to Compel Discovery Responses from Defendant Kinder Morgan, Inc., [Dkt. 172], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed, [Dkt. 172, 173, 174] and is ripe for decision.

As a preliminary matter, the court notes that Plaintiffs' motion to compel and related briefing is deficient in several respects. Even after the court's earlier discovery order which reminded the parties of LCvR 37.2(d), [Dkt. 166, p. 2, n1], and explained that the rule facilitates the court's consideration of discovery motions, Plaintiffs failed to "include a verbatim recitation of each interrogatory, request, answer, response and objection" in their opening brief. Instead of following the simple mandate of the Local Rule, Plaintiffs paraphrased their discovery requests. In addition, although Plaintiffs' brief spans over 20 pages, and although Defendant objected to much of the discovery on the basis of relevance, Plaintiffs' brief contains virtually no discussion of what must be proven in this case to support Plaintiffs' claims or counter the defenses raised. Thus it appears Plaintiff

expects the court to compel production of information without any explanation about why the information produced is insufficient or why production of additional information should be ordered. Plaintiffs' repeated assertion that they are "entitled" to information does nothing to demonstrate the inadequacy of Defendant's discovery responses or Plaintiff's need of information in relation to the matters at issue.[1]

### Interrogatory No. 4

> Identify each and every Person likely to have discoverable information relevant to facts alleged in the pleadings in this Case or to any of the issues raised in the pleadings, including but not limited to all Persons whom You have paid to be on the Site, the L-W Refinery, the T-O Refinery and/or in Bristow, Oklahoma. Please also provide a summary of the information that each individual has, or is expected to have, knowledge of.

[Dkt. 172-1, p. 18]. Defendant cited several reasons for its objection to this interrogatory, but identified Eric McCord, Assistant General Counsel, and Scott Miller, Senior Counsel for El Paso, as people who are likely to have information about elements of the corporate transactions related to Defendant Kinder Morgan and El Paso Corporation referenced in Plaintiffs' Amended Complaint. Defendant states there are hundreds of people who have some knowledge and have sought to have Plaintiffs narrow the scope of this interrogatory.

In their opening brief for the first time Plaintiffs listed four categories of individuals they would like to have identified:

> 1) individuals who conducted, managed, oversaw or participated in due diligence investigations during the alleged corporate transactions, particularly between Kinder Morgan and El Paso; 2) individuals who conducted, managed, oversaw

---

[1] Plaintiffs have cited and discussed a number of cases, which the court has not addressed herein. For the most part, the cases pre-date the 2015 amendment of Rule 26 or address situations so completely unlike the present case that they are of no use in resolving the issues in this case.

> or participated in investigations into any potential or current environmental liabilities of any Kinder Morgan predecessor entity identified in this lawsuit; 3) individuals that [sic] Scott Miller worked with and/or conferred with about ODEQ contacting El Paso/Kinder Morgan in 2011-2012; and 4) individuals who participated in or with knowledge of the ODEQ and the EPA's investigation into El Paso/Kinder Morgan as a potentially responsible party for the contamination and pollution at the Bristow site and related communications.

[Dkt. 172, p. 6]. Defendant asserts that the first two categories are overly broad in that they would encompass "(1) every due diligence investigation of every corporate transaction of every alleged Kinder Morgan predecessor referenced by Plaintiffs, and (2) likely thousands of potential or current environmental liabilities completely unrelated to the facts of this case or any of Plaintiffs' claims." [Dkt. 173, p. 15]. Defendant states it has begun an investigation into the last two categories as they are more narrowly focused on the allegations set forth in the Amended Complaint. Defendant represents it will supplement its response when its investigation is completed.

It appears, therefore, that Defendant's solution is acceptable as Plaintiffs' reply brief does not pose any objection to Defendant's proposed supplement. Defendant's proposed supplement is reasonable from the court's perspective. With respect to the first two categories, the court notes that it does not appear that Plaintiffs have deposed Mr. Scott and Mr. Miller who have been identified as the persons with the greatest knowledge and whom Defendant has suggested should be deposed. Given the breadth of Plaintiffs' request and the large number of people who may have some bit of knowledge of questionable relevance to the claims and defenses in this case, it is reasonable and efficient for Plaintiffs to depose Mr. Scott and Mr. Miller. The motion to compel is denied as to Interrogatory No. 4.

Interrogatory No. 8

> Identify all facts, Documents and/or data You relied on in preparing the attached correspondence from you to the EPA.

[Dkt. 172-1, p. 19]. The referenced letter is one dated February 3, 2012 from Scott Miller to the ODEQ. In a supplemental response Defendant identified a list of relevant non-privileged documents that had been produced to Plaintiffs as responsive to this interrogatory. Plaintiff objects that the response does not contain any internal files and documents even though the letter to the ODEQ states that internal files and documents were reviewed. The referenced letter states that "internal files and documents [were reviewed], and we can find no record that ODEQ, EPA or anyone else asserted any claim . . . " [Dkt. 172-1, p. 25]. Apparently Plaintiff would have Defendant identify everywhere it looked to find no documentation. Plaintiff has provided the court no basis for requiring Defendant to engage in such an endeavor. The motion to compel is denied as to Interrogatory No. 8.

Request for Production Nos. 3-5

> No. 3: All Documents concerning the L-W Refinery and/or the T-O Refinery.
>
> No. 4: All Documents concerning any tank farms, tank sites and/or pipelines that, in any way, serviced or provided products to or support for the L-W Refinery and/or the T-O Refinery.
>
> No. 5: All Documents concerning the Site and/or any pollution or possible pollution in Bristow, Oklahoma.

[Dkt. 172-1, p 16]. Defendant has represented that it produced every document in its possession, custody, or control concerning the EPA and the ODEQ. Plaintiff asserts that of the 36,000 documents produced, only 1,386 pages have been identified that did not

4

come from Defendant's Freedom of Information Act (FOIA) request. Plaintiffs think it is unlikely that Defendant and its affiliates would not have more internal documents on the topics. Plaintiffs have identified four categories of documents they believe have not been produced:

> (1) documents, e-mails, letters and correspondence relating to remediation of the Bristow site by any individual at El Paso and/or Kinder Morgan; (2) records from Tenneco regarding the closure of the refinery; (3) records from Tenneco and/or Wilcox regarding ownership, operations, management and maintenance of the refiner; and (4) records regarding any site inspections performed during the due diligence process of the corporate transactions between Tenneco, El Paso and Kinder Morgan.

[R. 172, p. 16]. Again, Defendant states that these categories have not been previously identified by Plaintiff in the meet and confer. Defendant represents "there are no documents in Kinder Morgan's possession, custody, or control responsive to categories 1 and 4, as none of the entities described conducted any remediation or site inspection either during corporate due diligence or otherwise." [Dkt. 173, p. 20]. Defendant further represents that it has already produced all of the documentation in its possession with respect to categories 2 and 3. The motion to compel is denied as to Requests for Production Nos. 3, 4, and 5.

### Request for Production No. 7

> All Documents concerning Your internal policies and procedures regarding response and handling of Superfund and/or other environmental claims.

[Dkt. 172-1, p. 16]. Defendant objects to this request as unduly burdensome, overly broad, vague, and not relevant to any party's claim or defense. Plaintiffs argue they are entitled to this information because the main issue in this lawsuit is a Superfund site arising out of

contamination and pollution, caused, maintained and continued by Kinder Morgan and its predecessors." [Dkt. 172, p. 17].

Although the subject matter of the lawsuit may be a Superfund site, Plaintiff has made no effort to show how Defendant's policies and procedures pertain particularly to any claim or defense in *this case*. It is no longer adequate under Fed.R.Civ.P. 26 to demonstrate that the discovery sought pertains to the subject matter of a lawsuit, the information sought must be relevant to a party's claims or defenses and be proportional to the needs of the case. Fed.R.Civ.P. 26(b)(1). The motion to compel is denied as to Requests for Production No. 7.

<u>Request for Production Nos. 9 and 10</u>

> No. 9: All Documents, including organizational charts, concerning Your corporate structure and history, for You and all predecessors, successor and affiliated entities.
>
> No. 10: Your current employee charts for all management personnel, showing names and titles of individual Persons by department, for onshore U.S. operations and oversight thereof, from the bottom level managers up to and including Your (and Your affiliates') chief corporate officers and boards of directors.

[Dkt. 172-1, p. 16]. Defendant objects that these requests are not limited by time period, are unduly burdensome, are overly broad, vague, and are not relevant to any claim or defense. Defendant produced a limited organizational chart. Plaintiffs, however, affirm they are seeking "all documents." [Dkt. 172, p. 18]. Plaintiffs also assert they are entitled to current employee charts as they will provide information about decision makers and the chain of command within the corporation. Plaintiffs do not, however, indicate how that information pertains to any claim or defense.

The court finds that Plaintiffs' requests for all documents and information about all management personnel for all onshore U.S. operations is too broad and not proportional to the needs of this case. The motion to compel is denied as to Requests for Production Nos. 9 and 10.

## Conclusion

Plaintiffs' Motion to Compel Discovery Responses from Defendant Kinder Morgan, Inc., [Dkt. 172], is DENIED.

SO ORDERED this 3rd day of May, 2018.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE