## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

BRISTOW FIRST ASSEMBLY OF GOD; )
MARK S. EVANS and CHRISTINA J. EVANS, )
individually, and as parents and next of kin to )
C.J.E. and B.K.E., minor children; )
                                                                                                    )
        **Plaintiffs,** )
                                                                                                     )
v. ) Case No. 15-CV-523-TCK-FHM
                                                                                                       )
BP p.l.c.; )
MARATHON OIL CORPORATION; )
MARATHON PETROLEUM )
CORPORATION; and )
KINDER MORGAN, INC., )
                                                                                                       )
        **Defendants.** )

## OPINION AND ORDER

Before the Court are (1) Defendant Kinder Morgan, Inc.'s Motion to Stay Discovery Pending Resolution of Motion to Disqualify and For Discovery ("Motion to Stay Discovery") (Doc. 179); and (2) Defendant Kinder Morgan, Inc.'s Motion for Protective Order ("Motion for Protective Order") (Doc. 193).

**I.    Background**

On May 1, 2018, Kinder Morgan, Inc. ("Kinder Morgan") filed a Motion to Disqualify Plaintiffs' Counsel Durbin Larimore & Bialick and for Discovery ("Motion to Disqualify") (Doc. 179), along with its Motion to Stay Discovery. Kinder Morgan contends that Durbin Larimore Bialick P.C. ("Durbin Larimore") is conflicted because one of its partners, David L. Kearney ("Kearney"), previously represented a Kinder Morgan subsidiary, El Paso Corporation, regarding a former refinery site that is the subject of Plaintiffs' claims in this case. Kearney has withdrawn

from representation of Plaintiffs in this case. However, in its Motion to Disqualify, Kinder Morgan contends the conflict is automatically imputed to Durbin Larimore and therefore the firm must be disqualified. Kinder Morgan concurrently filed its Motion to Stay Discovery.

Before the Court issued a ruling on either of these motions, Plaintiffs served subpoenas for the depositions of Scott J. Miller ("Miller"), and Richard Eric McCord ("McCord"). Kinder Morgan subsequently filed the Motion for Protective Order, seeking an order postponing the depositions of Miller and McCord "until all outstanding conflicts issues have been resolved." (Mot. for Prot. Ord., Doc. 193, at 1-2).

**II.     Discussion**

Due to the impending deposition dates for the depositions of Miller and McCord, the Court will first address Kinder Morgan's Motion for Protective Order.

    **A.     Motion for Protective Order**

Under Federal Rule of Civil Procedure 26(c), a protective order may be issued "for good cause" and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The moving party bears the burden of showing good cause for entry of a protective order. *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-556-CVE-PJC, 2008 WL 3992789 (N.D. Okla. Aug. 25, 2008) (Cleary, J.). In the context of Rule 26(c), "good cause" requires a particular and specific demonstration of fact. *Id.* Courts within the Tenth Circuit consider the following factors to determine whether a protective order is justified: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of

persons not parties to the civil litigation; and (5) the public interest." *Schmaltz v. Smithkline Beecham Corp.*, No. 08-CV-119, 2008 WL 3845260, at *1 (D. Colo. Aug. 15, 2008).

Kinder Morgan contends good cause exists to postpone the depositions of Miller and McCord because the depositions are likely to implicate the same issues that are before the Court in the Motion to Disqualify. Miller is the former in-house counsel who hired Kearney to coordinate an initial legal investigation regarding potential environmental liability at the Wilcox Property. McCord is currently in-house counsel at Kinder Morgan and has been identified as likely to have information regarding Kinder Morgan's 2012 acquisition of El Paso Corporation. Plaintiffs argue that Kinder Morgan's request is a delaying tactic and is disingenuous, noting that Kinder Morgan previously suggested Plaintiffs depose Miller and McCord. However, Plaintiffs acknowledge that this suggestion was made years ago and therefore predated Kinder Morgan's Motion to Disqualify.

Weighing the applicable factors, the Court finds good cause to postpone the deposition of Miller and McCord until after the Court rules on the Motion to Disqualify. Kinder Morgan could face a significant burden if required to defend these depositions before the Court has resolved any questions of potential disqualification. *See Williams v. KOPCO, Inc.*, 162 F.R.D. 670, 671-72 (D. Kan. 1995). Furthermore, resolving the Motion to Disqualify before the depositions proceed may prevent the need for a future review of whether the depositions were tainted by any conflict. The Court further finds that the potential for further disruption of these proceedings is lessened if the Motion to Disqualify is first resolved. Finally, Plaintiffs have not identified any specific prejudice they will suffer in the event a stay is granted. Plaintiffs have requested or agreed to multiple extensions of discovery and other deadlines in this case, including within the past month, and they

3

have not shown that a postponement of the depositions here would be prejudicial. Accordingly, the Court finds the balance of factors supports the requested protective order.

**B.      Motion to Stay Discovery**

In the Motion to Stay Discovery, Kinder Morgan, Inc. ("Kinder Morgan") seeks a stay of all discovery on the merits of this case, pending a ruling on the Motion to Disqualify. In its reply brief, Kinder Morgan alternatively proposes a narrower stay of discovery only as to Kinder Morgan's liability issues. The decision to stay discovery rests within the sound discretion of the trial court. *Schmaltz*, No. 08-CV-119, 2008 WL 3845260, at *1. However, this Court does not routinely grant such requests absent a compelling reason. *See TSM Assoc., LLC v. Tractor Supply Co.*, No. 08–CV–230–JHP–FHM, 2008 WL 2404818, at *1 (N.D. Okla. June 11, 2008) (McCarthy, J.) ("Unless some compelling reason is presented, in the usual case discovery is not stayed as Defendant requests."). The Tenth Circuit has noted the "underlying principle . . . that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" *Commodity Futures Trading Comm'n v. Chicott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citing *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971).) In determining whether a stay of discovery is appropriate, courts consider the same factors listed *supra* Part II.B regarding protective orders.

Kinder Morgan contends it will face a heavy burden if required to continue discovery on the merits before the Court has ruled on the Motion to Disqualify, noting specifically that Plaintiffs have served a 30(b)(6) deposition notice on Kinder Morgan. Plaintiffs argue that they have a compelling interest in proceeding expeditiously with their claims, which they contend Defendants

4

have delayed through gamesmanship. Plaintiffs further contend that the public has an interest in resolving this case because their claims implicate public health and environmental concerns.

Considering the relevant factors, the Court finds that Kinder Morgan has not shown good cause at this time for a stay of all merits discovery as to Kinder Morgan or other Defendants. The only specific discovery burden identified is the 30(b)(6) deposition notice served on Kinder Morgan. However, in its reply brief, Kinder Morgan advised the Court that Plaintiffs have not pursued the 30(b)(6) deposition since serving notice. Furthermore, Kinder Morgan has not identified any other discovery burden sufficient to merit a stay of discovery at this time. Kinder Morgan's Motion to Stay Discovery is therefore denied, without prejudice to renewal if Kinder Morgan can later identify a specific burden meriting a stay of discovery.

### III. Conclusion

For the reasons set forth above, Kinder Morgan's Motion for Protective Order (Doc. 193) is GRANTED; and Kinder Morgan's Motion to Stay Discovery (Doc. 179) is DENIED, without prejudice to renewal.

**SO ORDERED this 10th day of August, 2018.**

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**