# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRISTOW FIRST ASSEMBLY OF GOD, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BP p.l.c., et al., <br><br> Defendants. | Case No. 15-CV-523-TCK-FHM |
| STEPHEN D. LANE, et al. <br><br> Plaintiffs, <br><br> vs. <br><br> BP p.l.c., et al., <br><br> Defendants. | Case No. 15-CV-524-TCK-FHM |
| OLEN J. LEE, et. al., <br><br> Plaintiffs, <br><br> vs. <br><br> BP p.l.c., et al., <br><br> Defendants. | Case No. 15-CV-525-TCK-FHM |

## OPINION AND ORDER

Defendants Marathon Petroleum Corporation's and Marathon Oil Corporation's Motion for Protective Order, [Dkt. 227, 234, 226],[1] is before the undersigned United States

---

[1] Identical motions for protective order were filed in each of the three captioned cases. The first docket number refers to Case No. 15-CV-523, the second refers to Case No. 15-CV-524, and the third refers to Case No. 15-CV-525, the court has followed this convention throughout this order. However, because the filings in the three cases are virtually identical, except where necessary for clarity, the court has referred only to the docket number for filings in Case No. 15-CV-523.

Magistrate Judge for decision, the matter has been fully briefed. Plaintiffs have filed a Motion for Leave to File a Sur-Reply brief, [Dkt. 239, 246, 238], which is DENIED, as hereafter explained.

In this action Plaintiffs seek damages for environmental contamination allegedly resulting from the operation of a refinery and tank farm operated on Plaintiffs' property and areas adjacent thereto, located in Bristow, Oklahoma. The refinery and tank farm is variously referred to as the Wilcox Refinery, the Wilcox/Lorraine Refinery, or the Wilcox site.[2] As to Marathon Petroleum Corporation and Marathon Oil Corporation (hereafter Marathon Defendants) Plaintiffs' Amended Complaints, [Dkt. 68, 76, 72], allege that predecessors in interest to the Marathon Defendants owned or conducted refining operations on and adjacent to Plaintiffs' properties from December 1927 to September 1936. In their Amended Complaints Plaintiffs state:

> The two Marathon Defendants are a split of their predecessor, Marathon Oil Corporation, and are the surviving and controlling entities, through split, acquisition or merger, of predecessor entities which owned or operated lands and/or facilities contributing harmful and hazardous contaminants that are now commingled with the pollutants contributed by the "Operational Defendants," as defined below, which said contaminants and pollutants have injured Plaintiffs. As the surviving successor, Marathon has, at all times through the history of the properties that are the subject of this litigation, exercised exclusive dominion and control over its and its predecessors' assets, actions and liabilities associated with the lands, facilities, and operations relevant hereto.

[Dkt. 68, pp. 4-5, ¶ 4](footnote omitted). The Marathon predecessors in interest are identified as follows in a footnote to the previously quoted passage:

---

[2] In their briefing, Plaintiffs also refer to the Wilcox Refinery/Wilcox Site as the South Refinery. Noting that the subject Notices of Deposition do not employ that term, neither does the court.

> Marathon Oil Company was an owner and conducted operations on and adjacent to the [Plaintiffs'] property from approximately August of 1930 to September of 1936.
>
> The Ohio Oil Company was an owner and conducted operations on and adjacent to the [Plaintiffs'] property from approximately December of 1927 to August of 1938. The Ohio Oil Company became Marathon.
>
> Transcontinental Oil Company was an owner and conducted operations on and adjacent to the [Plaintiffs'] property from approximately December of 1927 through August of 1930. Transcontinental Oil Company became Marathon.

[Dkt. 68, p. 4, n.3].

Plaintiffs have served Rule 30(b)(6) Notices of Deposition on the Marathon Defendants. [Dkt. 227-13, Dkt. 227-14]. The Notices of Deposition contain a six page attachment that defines terms and sets out areas of testimony to be addressed by corporate representatives. The Marathon Defendants object to some of the defined terms and to the scope of inquiry set out in the Notices. Then Marathon Defendants seek a protective order limiting the Notices of Deposition in the following respects:

(i) prohibiting inquiry into Areas of Testimony related to the Transcontinental Refinery or Transcontinental Site;
(ii) limiting the organizational scope of inquiry to the divisions of the Marathon Defendants encompassing the Wilcox Refinery and limiting Plaintiffs' inquiry into the Marathon Defendants' corporate mergers, acquisitions, managerial decisions, policies, procedures, and other corporate and organizational matters to only those directly related to the Wilcox Refinery;
(iii) limiting the geographical scope of inquiry to the Wilcox Refinery;
(iv) limiting the temporal scope of inquiry to 10 years; and,
(v) striking from all Areas of Testimony the phrase "including, but not limited to."

[Dkt. 227, p. 7].

3

Transcontinental Refinery and Transcontinental Site

Plaintiffs seek to inquire about what is known as the Transcontinental Site, which the Notices of Deposition define as:

> The "Transcontinental Site" means: (1) the Transcontinental Refinery; (2) all facilities associated with the Transcontinental Refinery; and (3) all real property contaminated by the Transcontinental Refinery and/or facilities associated with the Transcontinental Refinery.

[Dkt. 227, p. 160]. The Marathon Defendants object to the inclusion of the Transcontinental Site among the topics for the 30(b)(6) depositions. The Marathon Defendants assert that all of Plaintiffs claims concern events that allegedly occurred within the boundaries of the Wilcox Refinery. Yet, Plaintiffs seek to discovery extensive information about the Transcontinental Site. [Dkt. 227, pp. 18-19]. The Marathon Defendants point out that Plaintiffs' Amended Complaint only contains allegations that pertain to operation of the refinery and tank farms on the lands that now belong to Plaintiffs. The Amended Complaint refers to the Transcontinental Refinery in only one paragraph, [Dkt. 68, p. 18]. In that paragraph, in relation to their now dismissed fraudulent concealment claim, Plaintiffs assert that Marathon entered into a voluntary clean-up program for the Transcontinental Refinery. The Marathon Defendants argue that since Plaintiffs have asserted no claims arising from alleged contamination or activities taking place at the Transcontinental Refinery, the discovery Plaintiffs seek pertaining to that refinery is not relevant.[3] Plaintiffs assert that the allegations contained in the Amended

---

[3] The parties' briefing contains much discussion about whether Plaintiffs counsel have agreed that the Transcontinental Site is not relevant to this lawsuit. The court's determination is made without reference to the actions of counsel with respect to any proposed stipulation. The court does, however, note that the case has proceeded for four years on the basis that The Marathon Defendants' liability was based on their role in the operation of the Wilcox Refinery and tank farm. The entry of new counsel for Plaintiffs does not change that four year history.

Complaint include claims arising from the Transcontinental Refinery, which they also call the North Refinery.

The court finds that the Amended Complaint cannot be reasonably read to encompass claims related to the Transcontinental Refinery. Plaintiffs' assertion in this regard can only be achieved through a tortured and unnatural reading of the Amended Complaint. Plaintiffs' Amended Complaint very clearly asserts that the Operational Defendants (which includes the Marathon Defendants)[4] "are former operators of an oil refinery and tank farm <u>covering [Plaintiffs'] property and lands</u>." [Dkt. 68, p. 6, ¶ 8] (emphasis supplied). Throughout the Amended Complaint Plaintiffs refer to "the refinery," singular, not plural. [Dkt. 68, p. 6, 8, 10]. The legal description of the Plaintiffs' property is contained in each of the Amended Complaints. The legal descriptions specify that the Plaintiffs' properties are located within Section 29 in Creek County. [Dkt. 68, p. 2; Dkt. 76, p. 3; Dkt. 72, p. 2]. The legal description of the Wilcox Refinery reveals that it encompasses approximately 113 acres in the NW/4 of Section 29 in Creek County. [Dkt. 227, p. 2]. The legal description for the Transcontinental Refinery reveals that it is located in Section 20. [Dkt. 227, p. 9]. The Transcontinental Refinery can hardly be "the refinery" described in the Amended Complaint as covering <u>Plaintiffs' property and lands</u> when it is located in a different section.

Plaintiffs argue that discovery about the Transcontinental Site is relevant because the Marathon Defendants and Defendant Kinder Morgan have asserted that Plaintiffs'

---

[4] Although at one point in the Amended Complaint, Plaintiffs seem to distinguish the Marathon Defendants from the Operational Defendants, [Dkt. 68, p. 4 ¶4], elsewhere in the Amended Complaint the Marathon Defendants seem to be included in that definition, [Dkt. 68, p. 6 ¶8]. In its July 21, 2017, the Court referred collectively to the defendants remaining in the case as the "Operational Defendants." [Dkt. 144, p. 2].

injuries were the result of supervening or intervening causes not attributable to them. [Dkt. 231, p. 26]. Plaintiffs state that the EPA and DEQ have determined that contamination attributable to the Transcontinental site has become comingled with contaminates from the Wilcox Site. Plaintiffs conclude that the assertion of supervening or intervening causes and the EPA and DEQ determinations make information about the Transcontinental Site relevant. However, Plaintiffs made no attempt to demonstrate that the supervening or intervening causes referred to by Defendants relate to the Transcontinental Site. The undersigned is not persuaded that the discovery sought from the Marathon Defendants' corporate representative(s) concerning the Transcontinental Site is relevant to any affirmative defense.

The court finds that the allegations contained in the Amended Complaint pertain solely to the operation of the Wilcox Refinery and tank farm. In view of that finding, the court further finds that the requested discovery about the Transcontinental Refinery is not relevant to the claims and defenses at issue in this case. As a result, the Motion for Protective Order is granted as to any areas of testimony about the Transcontinental Refinery or Transcontinental Site.[5]

---

[5] The "Areas of Testimony" listed in the Notices of Deposition that refer to the Transcontinental Refinery or Transcontinental Site are: 8, 9, 11, 15, 18, 22, 26, 28(b)(d)(f)(h), 30, 32, 35, 37, 39. [Dkt. 227-13, Dkt. 227-14].

Definition of Marathon Legacy Companies

The Notices of Deposition employ the term "Marathon Legacy Companies" which is defined to include the following entities which the Marathon Defendants represent are companies separate and independent of the Marathon Defendants and which the Marathon Defendants state have no connection to this litigation: Continental Refining Company; Marathon Petroleum Company, LP; United States Steel Corporation; United States Steel, LLC; USS Holdings Company; and USX Corporation. [Dkt. 227, p. 16, 17]. Defendants assert that these companies are not in the chain of title connecting Defendants to the lease of a single oil storage tank at the former oil refinery and tank farm variously referred to as the Wilcox/Lorraine Refinery, Wilcox Refinery, or Wilcox Site.[6] The Marathon Defendants assert that Plaintiffs cannot require them to offer binding testimony about entirely separate, independent companies that have no connection to the claims in this case.

    Plaintiffs assert that a title history report prepared by Toeroek Associates, Inc. shows that four of the five companies to which the Marathon Defendants object are predecessors in interest to the Marathon Defendants. [Dkt. 231, p. 23]. Plaintiffs argue that, at a minimum, they should be permitted to obtain deposition testimony as to why the Marathon Defendants contend these companies are not predecessors in interest. *Id.* The Marathon Defendants reply that the Deposition Notices are not so limited, but the Notices seek detailed information such as the history, relationships, corporate structure, policies, practices, and actions of these companies.

---

[6] The court's use of Wilcox site does not refer to the definition contained in the Notices of Deposition, but refers to the approximately 113 acres located within in the NW/4 of Section 29, in Creek County, Oklahoma.

The undersigned is persuaded that it is appropriate for Plaintiffs to inquire of a corporate representative as to why the Marathon Defendants contend the entities listed at APS-EPA 022425-022427, Section 3, "Corporate History with Current Name," [Exhibit O, Dkt 231-41, pp. 520-522], are not predecessors in interest to the Marathon Defendants. Plaintiffs referred the court to the cited pages of Exhibit O as demonstrating that four of the five disputed entities are the Marathon Defendants' predecessors in interest. The report refers to the disputed entities which are listed in the Deposition Notices as Marathon Legacy Companies as: United States Steel Corporation; United States Steel, LLC; USS Holdings Company; and USX Corporation. Plaintiffs may inquire as to why the Marathon Defendants contend those entities are not predecessors in interest. The cited report does not refer to the following entities: Continental Refining Company or Marathon Petroleum Company, LP.[7] Since those entities are not named in the cited report[8] which Plaintiffs argue establishes their relevancy, Plaintiffs have not shown any relevance of those companies to the claims and defenses in this case and therefore Plaintiffs may not inquire about those entitles. In addition, Plaintiffs may not inquire about the Albert A. Rollestone affiliate entities as Plaintiffs forwarded no argument about those entities.

The Motion for Protective Order is granted in part as to the definition of Marathon Legacy Companies.

---

[7] Continental Refining Company is not listed in the report. Other iterations of Marathon Petroleum are listed, but not Marathon Petroleum Company, LP.
[8] Plaintiffs attached a 550 page Appendix to their motion. The court consulted only the pages of the Appendix that were specifically cited by Plaintiffs.

## Organizational Scope

The Marathon Defendants assert that the scope of the Notices of Deposition are too broad even as to the remaining corporate entities. The Notices of Deposition ask for testimony concerning the structure, history, relationships, policies, and activities of several organizations over the course of a hundred years. The Marathon Defendants point out that some of the entities are defunct and the information sought is not reasonably available to them. The Marathon Defendants propose 10 years as a reasonable temporal scope of inquiry.

Plaintiffs' response does not attempt to demonstrate the relevance of the testimony to the claims or defenses in the case, nor do Plaintiffs address the temporal scope of their requested inquiry. Instead, Plaintiffs argue that the Marathon Defendants have not established good cause to narrow or strike areas of testimony. Plaintiffs essentially argue that a Protective Order should not be granted because the Marathon Defendants have not quantified the effort required for preparation of a 30(b)(6) witness to testify to the matters contained in the notice.

Where, as here, areas of inquiry have no obvious relevancy to the claims or defenses in the case little is required of the objecting party to demonstrate that responding to such discovery is unduly burdensome. There is no requirement for a party to respond to a request for discovery into matters that do not meet the test of relevancy. The court finds that the overly broad Areas of Testimony outlined in the Notices of Deposition are not of obvious relevancy and are appropriately limited to the divisions of the Marathon Defendants that encompass the Wilcox Refinery/Wilcox Site. Inquiry into corporate

mergers, acquisitions, managerial decisions, policies, procedures, and other organizational matters are limited to those directly related to the Wilcox Refinery/Wilcox Site and are limited to 10 years. These limitations pertain to Areas of Testimony Nos. 3, 4, 7, 19, and 33.

The Motion for Protective Order is granted, as specified above, concerning the organizational scope of inquiry.

<u>Definition of Wilcox Site</u>

The Notices of Deposition define the Wilcox Site to include:

> (1) Wilcox Refinery; (2) all facilities associated with the "Wilcox Refinery; and (3) all real property contaminated by the Wilcox Refinery and /or facilities associated with the Wilcox Refinery.

[Dkt. 227, p. 17]. The Marathon Defendants object to any expansion of the definition of the Wilcox Site beyond the boundaries of the Wilcox refinery. In particular, the Marathon Defendants object to the language "all facilities associated with" and "all real property contaminated by" the Wilcox Refinery.

Plaintiffs represent that the phrase "all facilitates associated with" is included to ensure that the tank farms, not just the location of the refinery buildings are intended to be part of the inquiry. [Dkt. 231, p. 24]. The court accepts Plaintiffs' representation and finds that the Wilcox Site is appropriately defined to include the tank farms located within the legal description for the Wilcox refinery.

Plaintiffs represent that the phrase "all real property contaminated by" encompasses the contamination plumes which exist on and off site." [Dkt. 231, p. 24]. According to Plaintiffs, documentary evidence shows that contamination is migrating from

the refinery property. However, Plaintiffs have not offered any argument to inform the court how the alleged contamination of unspecified property is relevant to the claims and defenses in this case, which concerns alleged damage to Plaintiffs' properties which the Amended Complaint states are situated in Section 29 in Creek County on land formerly occupied by the oil refinery and tank farm. The undersigned is not persuaded that the appropriate definition of the Wilcox Site includes any property outside of the land occupied by the oil refinery and tank farm located within Section 29 in Creek County.

The protective order is granted as to the definition of the Wilcox Site.

## Use of the Phrase: "Including But Not Limited To"

The Marathon Defendants argue that where Plaintiffs have prefaces a list of deposition topics with the "phrase "including, but not limited to," the area of inquiry becomes overbroad on its face. They assert that the phrase eliminates the boundaries of discovery and subjects the Marathon Defendants to the impossible task of preparing a witness for a boundless deposition. Plaintiffs assert that the inclusion of that phrase is not *per se* improper and that the noticed topics are exclusive and the phrase including, but not limited to pertains to the subtopics which are intended to provide illustrative examples of inquiries related to the noticed topic.

Rule 30(b)(6) provides that the notice of deposition must describe the matters for examination with "reasonable particularity." The court finds that, considering the language of Rule 30(b)(6) and the circumstances of this case, the questioning of corporate representatives is properly limited to the topics and subtopics specifically listed in the Notices of Deposition.

11

The Motion for Protective Order is granted as to the phrase "including but not limited to."

Motion for Leave to File Sur-Reply [Dkt. 239, 246, 238]

Plaintiffs seek leave to file a sur-reply brief to address the Marathon Defendants' contention that the Amended Complaint does not contain a plausible claim arising from the Transcontinental Refinery. The court finds that the allegations contained in the amended Complaint speak for themselves and consequently there is no need to burden the record with further briefing on the topic.

Motion for Leave to File a Sur-Reply, [Dkt. 239, 246, 238], is denied.

**CONCLUSION**

Defendants Marathon Petroleum Corporation's and Marathon Oil Corporation's Motion for Protective Order, [Dkt. 227, 234, 226], is GRANTED in part and DENIED in part, as set out herein.

Plaintiffs' Motion for Leave to File a Sur-Reply, [Dkt. 239, 246, 238], is DENIED.

SO ORDERED this 6th day of November, 2019.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE