IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRISTOW FIRST ASSEMBLY OF GOD,** *et al.*, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 15-CV-523-TCK -FHM ) |
| **BP p.l.c.; MARATHON OIL CORPORATION; MARATHON PETROLEUM CORPORATION; KINDER MORGAN, INC.,** *et. al*, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the Motion for Leave to File Second Amended Complaint filed by plaintiffs Bristow Assembly of God, and Mark S. Evans and Christina J. Evans, individually, and as parents and next of kin to C.J.E. and B.K.E., minor children ("Plaintiffs"). Doc. 264. Defendants Kinder Morgan, Inc. ("Kinder Morgan"), BP p.l.c. ("BP"), and Marathon Petroleum Corporation and Marathon Oil Corporation ("Marathon") oppose the motion. Docs. 270-272.

**I. Background/Procedural History**

Plaintiffs filed this lawsuit in Creek County, Oklahoma District Court on June 24, 2015. Doc. 2-2, Petition. The Petition named, *inter alia*, BP p.l.c.; Marathon Oil Corporation; Marathon and Kinder Morgan, Inc. *Id.* Kinder Morgan removed the case to this Court on September 14, 2015. Doc. 2. Thereafter, BP filed a Motion to Dismiss and Plaintiffs filed a Motion to Remand. Docs. 26, 36. On September 28, 2016, the Court granted BP's Motion to Dismiss in part and denied Plaintiff's Motion to Remand. Doc. 66.

Plaintiffs filed an Amended Complaint on October 12, 2016. Doc. 68. BP and Kinder Morgan both filed Motions to Strike Portions of the Amended Complaint and Partial Motions to Dismiss, and. Marathon filed a Partial Motion to Dismiss. Docs. 78-81, 83. On July 21, 2017, the Court granted BP's and Kinder Morgan's Motions to Strike and Marathon's Partial Motion to Dismiss with respect to claims for negligence per se and fraud. Doc. 144. The motions were denied with respect to Plaintiffs' claims for strict liability and personal damages and claims on behalf of church parishioners and staffs. *Id.* Their motions were granted with respect to claims for negligence per se and fraud. Thereafter, discovery commenced on the remaining claims. *Id.*

On September 28, 2017, Defendants filed a Joint Motion to Extend Remaining Deadlines, in which they sought an extension of the deadlines or depositions of parties and fact witnesses, expert identification and reports, final witness and exhibit lists, expert depositions and discovery cutoff. Doc. 156. The same day, Plaintiffs filed a Motion to Extend All Deadlines, seeking an extension of all deadlines in the original Scheduling Order by 120 days and resetting the "Motions to Join and Amend" deadline—which had expired in February 2017—to January 15, 2018. Doc. 157.

Plaintiffs claimed in their motion that extension of all deadlines was necessary because BP and Marathon "have not been forthcoming in responding to Plaintiffs' discovery requests" and "have attempted to justify this by asserting the argument that Plaintiffs have sued the wrong corporate entities," but had "failed to provide any substantive information in their discovery responses that would adequately identify who the proper corporate entities are." *Id.* at 2-3. In their responses, BP contended that it had made clear to Plaintiffs that it was not a proper party since June 2016, and Marathon stated that it had provided similar information to Plaintiffs in March 2017. Doc. 160 at 4-5, Doc. 161 at 2.

In an Order entered October 18, 2017, the Court concluded that because the time for amendment as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1) had passed, Plaintiffs would be required to obtain Defendants' written consent or leave of Court for any proposed amendment pursuant to Rule 15(a)(2). Doc. 167. Nevertheless, Plaintiffs delayed filing their Motion for Leave to File Second Amended Complaint until March 16, 2020—more than two years later and only two weeks before the deadline for dispositive motions were due to be filed. Doc. 264.

## II. Highlights of Proposed Amended Complaint

Plaintiffs have described the following major changes in their proposed Second Amended Complaint:

- Addition of Marathon Petroleum Company, LP and Marathon Oil Company as defendants;

- Addition of Atlantic Richfield Company ("ARCO"), BP Corporation North America Inc. ("BP Corp."), BP Pipelines (North America) Inc. ("BP Pipelines") and BP America Inc. ("BP America") as defendants;

- Addition of Kinder Morgan affiliates EPEC Oil Company Liquidating Trust, El Paso Tennessee Pipeline Co., L.L.C., El Paso Energy, EST Co., EPEC Oil Company and Midwestern Gas Transmission Co., based on information learned during discovery;

- Addition of a cause of action for constructive trust in an amount equal to the funds necessary to fully remediate plaintiffs' properties;

- Addition of allegations related to the Transcontinental Refinery.

- Addition of a claim for public nuisance pursuant to 27A O.S. §2-6-105(A) and "other law."

Doc. 264-1 at 32-33.

## III. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings "only with the opposing party's written consent *or the court's leave*," and that "[t]he court should freely give leave when justice so requires."(emphasis added). District courts have wide discretion to allow amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). Courts generally deny leave to amend only on "a showing

3

of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation omitted). However, "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising [a]n issue until the eve of trial." *Minter*, 451 at 1206 (citations and internal quotation marks omitted).

Under Tenth Circuit law, "untimeliness alone is an adequate reason to refuse leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (internal citations omitted). "Where the party seeking amendment "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* at 1366.

Moreover, although the Tenth Circuit has not considered what standard applies to a motion to amend to add a non-diverse party, the majority of federal courts have held that while such amendments are not absolutely prohibited, a request to amend to add a non-diverse party may be subject to greater scrutiny than an ordinary request to amend, and the court should consider whether the plaintiff was dilatory or moved to amend in bad faith. *Hensgens v. Deere & Co.*, 833 F.23d 1179, 1182 (5th Cir. 1987). In *Hensgens*, the court stated:

> The court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

*Id.*

### IV. Analysis

Defendants assert that the motion to amend should be denied based on undue delay, undue prejudice, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and futility of amendment.

#### A. Undue Delay

The Tenth Circuit has explained that "[l]ateness does not of itself justify the denial" of a motion to amend." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, "[u]ntimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995). "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'" *Minter*, 451 F.3d at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)) (additional citations omitted). The Tenth Circuit "focuses primarily on the reasons for the delay," and has stated that "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id.* at 1206 (citations omitted).

Furthermore, a heightened standard applies to requests for amendments that will destroy diversity jurisdiction via the addition of a non-diverse defendant, and the Court must consider "whether the plaintiff was dilatory or moved to amend in bad faith." *Lawrence v. McDonald's Corp.*, 11-CV-0075-CVE-TLW, 2011 WL 2935674, at *2 (N.D. Okla. July 19, 2011) (citing *Hengrens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

In this case, Plaintiffs delayed filing their motion to amend until March 20, 2020—five years after this case was originally filed, after discovery had concluded, and only shortly before the April 6, 2020 deadline for dispositive motions. *See* Doc. 245. Nor is the Court persuaded that the disqualification of the Durbin Larimore & Bialick firm justifies Plaintiffs' delay in moving to amend. The DeVore Law Firm, PLC and Michael J. Blaschke have been engaged in this litigation since the inception of this lawsuit, and they continued to represent Plaintiffs after the Court granted Defendants' Motion to Disqualify the Durbin firm. Moreover, attorneys from the Harris Finley & Bogle firm entered *Pro Hac Vice* appearances for Plaintiffs in early April of 2019. Doc. 222, 223. Nevertheless, Plaintiffs did not seek leave to amend their complaint until almost a full year later.[1]

Finally, the fact that the proposed amendment would destroy diversity jurisdiction weighs heavily against granting the motion. *See*, *i.e.*, *Lawrence*, *supra.*

The Court concludes that Plaintiffs' proffered reason for delay—*i.e.*, the disqualification of DLB and the resulting need for Plaintiffs to find new counsel—fails to justify the late filing of their motion to amend.

### B. Undue Prejudice

"The second, and most important factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equipment Co.*, 451 F.3d 116, 1208 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the

---

[1] Plaintiffs, in their motion to amend, state that "[r]ather than amend the pleading each time new facts become available, Plaintiffs seek to address all new facts in one amended pleading." Doc. 264 at 3.

amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

This lawsuit has been ongoing for almost four years. The parties have engaged in extensive discovery and motion practice. According to the Defendants, many thousands of pages of documents have been exchanged and scrutinized; most of the experts have been deposed; and all parties and their representatives, as well as 10 non-party witnesses, have been deposed.

Expanding this case to add new theories of liability, 11 new defendants, and an entirely separate historical refinery site would amount to a "do-over" that would require substantially more discovery and motion practice, both of which will consume more time and result in significantly more attorney fees and expenses.

Accordingly, the Court finds that the proposed amendment would result in undue prejudice to Kinder Morgan, BP and Marathon.

### C. Bad Faith/Dilatory Motive

Courts properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a "moving target" in order to "salvage a lost case by untimely suggestion of new theories of recovery." *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001). Likewise, leave should be denied when plaintiff seeks to present "theories seriatim" in an effort to avoid dismissal, *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994), or to "knowingly delay[] raising [a]n issue until the 'eve of trial.'" *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir. 1995).

"Bad faith may be inferred if the proposed amendment contradicts the original pleading, such that the two cannot be reconciled, or if the party seeks leave to amend for an improper purpose." *Graff v. Aberdeen Enterprises II, Inc.*, No. 4:17-CV-606-CVE-JFJ, 2018 WL 4517468,

7

at *4.  Furthermore, "a motion to amend may be denied where the amendment is interposed for the purpose of delay, such as where a party intentionally refrained from asserting the amendment until it became evident to it that the opposing party's motion for summary judgment was likely to be sustained."  61A Am Jur.2d Pleading §730.

In their Motion to Amend, Plaintiffs state that "[r]ather than amend the pleading each time new facts become available, Plaintiffs seek to address all new facts in one amended pleading." Doc. 264 at 3.  Defendants, though, argue that the circumstances and timing of Plaintiffs' Motion to Amend give rise to an inference of bad faith and dilatory motive.  Specifically, they point out that the motion was filed only three weeks before the deadline for dispositive motions. Doc. 270 at 13.

Additionally, Defendants contend that Plaintiffs' only basis for adding the nondiverse party, Midwestern, is that it allegedly passed through to its parent El Paso Tennessee Pipeline Co., a receivable distributed by its subsidiary EPEC Oil Company and that "Plaintiffs could have prosecuted its (meritless) claims without Midwestern as a defendant and would suffer no injury." Doc. 270 at 24.[2]  They also argue that because Midwestern is not affiliated with any existing Defendant, it would need to retain separate counsel, who will need to familiarize themselves with a record that is comprised of thousands of pages of documents, 25 fact depositions and extensive expert discovery.  Moreover, Midwestern might assert cross-claims or third party claims, resulting

---

[2] The proposed Second Amended Complaint alleges that "[a]t the time of the events giving rise to Plaintiffs' claims against Midwestern, Midwestern was owned and/or controlled by El Paso Corporation; that El Paso Corporation sold Midwestern to Northern Border Partners L.P. ("Northern"); that Northern subsequently sold Midwestern to ONEOK, Inc.; and that Midwestern continues to operate its business out of its headquarters and corporate office in Tulsa, Oklahoma. Doc. 264-1 at 12.

in additional discovery. Finally, because addition of a non-diverse party would destroy this Court's jurisdiction, the proposed amendment is subject to heightened scrutiny. *Lawrence*, *supra.*

Based on these factors, the Court concludes that Plaintiffs' late attempt to add new claims and a nondiverse Defendant evidences bad faith.

### D. Futility of Amendment

Defendants assert that Plaintiffs' attempt to add new parties is futile because the two-year statute of limitations applicable to all of their claims (both claims against the newly proposed defendants and new claims against existing defendants) has lapsed. Oklahoma law imposes a two-year statute of limitations for an action for trespass upon real property, injury to personal property, injury to the rights of another not arising out of contract and fraud. 12 O.S. §95(a)(3). Additionally, courts have consistently applied a two-year statute of limitations to private nuisance claims. *See Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 95 (10th Cir. 2000); *N.C. Corff Partnership, Ltd. v. OXY USA, Inc.*, 929 P.2d 288, 293 (Okla. App. 1996).

BP, though, correctly notes that none of the new BP-related entities or their alleged historical predecessors had any operations on or ownership interest in the lands owned by Plaintiff, Bristow First Assembly of God. Accordingly, as to these entities, any amendment to assert claims against new BP-related entities would be futile, as they would be immediately subject to dismissal by summary judgment. Doc. 271 at 22-23.

Citing 12 O.S. §95(a)(3), Kinder Morgan and Marathon contend that the proposed Second Amended Complaint is futile because the statute of limitations for trespass upon real property, injury to personal property, and injury to the rights of another not arising in contract and for fraud is two years. However, while the proposed Second Amended Complaint retains the claim for private nuisance ("[t]o the extent necessary to represent assertion of waiver or abandonment and

9

to preserve their rights"), it also adds a claim for public nuisance pursuant to 50 O.S. §2. Doc. 264-1 at 32-33. And 50 O.S. §7 provides that "No lapse of time can legalize a public nuisance amounting to an actual obstruction of public right." *See also Tosco Corp. v. Koch Industries, Inc.*, 216 F.3d 886, 895 (10th Cir. 2000). Accordingly, the Court rejects Kinder Morgan's and Marathon's claim that the public nuisance claim is time-barred.

Nevertheless, the Court finds that all other factors—undue delay by the Plaintiffs, undue prejudice to defendants and bad faith/dilatory motive—weigh against allowing Plaintiffs to file another amended complaint.

**V. Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 264) is denied.

ENTERED this 10th day of September, 2020.

*[signature]*
TERENCE C. KERN
United States District Judge